# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>  Petitioner,<br><br>  v.<br><br>KOENIG,<br><br>  Respondent. | Case No. 1:20-cv-00780-NONE-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 9) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On December 23, 2002, Petitioner pleaded guilty in the Fresno County Superior Court to two counts of second-degree robbery. Petitioner also admitted to various enhancements. On January 23, 2003, Petitioner was sentenced to a determinate imprisonment term of twenty-five years. (LDs[1] 1, 2). Petitioner did not appeal his sentence.

///

///

///

---

[1] "LD" refers to the documents electronically filed by Respondent on August 6, 2020. (ECF No. 10).

1

On May 30, 2020,[2] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On August 6, 2020, Respondent filed a motion to dismiss the petition as untimely. (ECF No. 9). To date, no opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 9 at 2 n.1).

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner was sentenced on January 23, 2003, and did not appeal. Therefore, the judgment became final when Petitioner's time for seeking review expired on March 24, 2003, sixty days after Petitioner was sentenced. See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, March 25, 2003, and absent tolling, was set to expire on March 24, 2004. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B.  Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation period expired before Petitioner constructively filed his first state habeas petition on September 25, 2019, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner also filed an earlier federal habeas petition, (LD 9), but the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C.  Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631,

649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Petitioner failed to oppose this motion to dismiss in any way. The Court notes, however, that the petition itself addresses the issue of timeliness. (ECF No. 1 at 14). Petitioner states that he was unaware that he was able to petition the Court because the public defender and the sentencing judge failed to inform Petitioner. Petitioner also states that he was "on all the wrong medications and overmedicated" and that only in the last two and a half years that Petitioner has "been able to even attempt to try and set all wrongs and illegalities done" to Petitioner. (Id.).

Petitioner has not established that he is entitled to equitable tolling because he has failed to demonstrate that he pursued his rights diligently. See Holland, 560 U.S. at 649; Bills v. Clark, 628 F.3d 1092, 1099–100 (9th Cir. 2010) (holding that "eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test," including "show[ing] diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance"). Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The

assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2020**

UNITED STATES MAGISTRATE JUDGE